CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 09 2011

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRANCE SYKES,           )  | |
|     Petitioner,           ) | Civil Action No. 7:11cv00428 |
|                              ) | |
| v.           ) | **MEMORANDUM OPINION** |
|                              ) | |
| CHRISTOPHER ZYCH, et al.,           ) | By: Samuel G. Wilson |
|     Respondents.           ) | United States District Judge |

Petitioner Terrance Sykes, a federal inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241. Sykes claims that the United States lacked jurisdiction to prosecute him, he was denied due process, his sentence violates double jeopardy, he is actually innocent based on the double jeopardy and due process violations,[1] and the Bureau of Prisons lacked authority under 18 U.S.C. § 3621 to commit him and to execute his sentence[2]. Upon review of the petition, the court concludes that Sykes has failed to demonstrate entitlement to relief under § 2241 and that his petition must be construed and dismissed without prejudice as a successive motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.

I.

On March 12, 2007, after a jury trial in the Western District of New York, the court entered judgment convicting Sykes of possessing with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A); possessing more than 5 grams of cocaine base, in violation of 21 U.S.C. § 844(s); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Sykes challenged the legality of his conviction and sentence in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed in the

---

[1] The court notes that to demonstrate actual innocence, a petitioner must show factual innocence, not merely the legal insufficiency of his conviction or sentence. Bousley v. United States, 523 U.S. 614, 623-34 (1998). Sykes has not demonstrated factual innocence.

[2] Sykes provides no allegations in support of his claims that the BOP lacked authority to commit him or execute his sentence. Accordingly, his claims are far too vague to warrant relief.

Western District of New York. See United States v. Sykes, No. 6:05cr6057, 6:10cv6172 (W.D.N.Y. Mar. 29, 2010). The court denied his motion on January 24, 2011. Sykes appealed and the United States Court of Appeals for the Second Circuit denied his appeal on August 2, 2011. See Sykes v. United States, No. 11-1106 (2d Cir. 2011).

## II.

Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence,[3] unless a motion pursuant to § 2255 is "inadequate and ineffective" for those purposes. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id. Sykes's petition does not indicate any respect in which his case meets the standard under In re Jones so as to qualify for consideration under § 2241. Clearly there has been no change in the law making it now legal to possess cocaine base or possess a firearm as a convicted felon. Accordingly, the court finds that Sykes fails to meet the In re Jones standard to show that § 2255 is inadequate to test the legality of his conviction, and his claims cannot be addressed under § 2241.[4]

---

[3] See United States v. Little, 392 F.3d 671 (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241."). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (citing 28 U.S.C. § 2241(a)).

[4] The court declines to construe Sykes' petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; see also Swain v. Pressley, 430 U.S. 372, 378 (1977).

## III.

For the reasons stated herein, the court dismisses Sykes' petition without prejudice.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER**: This 9th day of September, 2011.

United States District Judge

---

Second, Sykes has already filed a § 2255 motion in the Western District of New York. In order to file a successive § 2255 motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. See § 2255(h). Since Sykes has not demonstrated that the United States Court of Appeals for the Second Circuit has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims. Accordingly, the court does not find that transfer of a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy. Therefore, this court declines to construe and transfer Sykes' petition.